# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:16CR090 |
| | § | |
| DAVID ARCE, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on September 7, 2016, to determine whether Defendant violated his supervised release. Defendant was represented by Felix Marquez. The Government was represented by Kevin McClendon.

On March 14, 2014, Defendant was sentenced by the Honorable United States District Judge Barbara M.G. Lynn of the Northern District of Texas after pleading guilty to the offense of Possession of Stolen Firearms and Aiding and Abetting. Defendant was sentenced to eighteen (18) months imprisonment, followed by two (2) years of supervised release subject to the standard conditions of release, plus special conditions to include cooperate in DNA collection, financial disclosure, workforce development participation, drug testing and treatment, and a $100 special assessment. On February 27, 2015, Defendant completed his period of imprisonment and began service of his term of supervised release. The Court granted a 2-level reduction for

Acceptance of Responsibility under U.S.S.G. §3E1.1(a). On June 29, 2016, jurisdiction of this case was transferred to the Eastern District of Texas.

On July 7, 2016, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 2 Sealed]. The Petition asserted that Defendant violated five (5) conditions of supervision, as follows: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall not leave the judicial district without permission from the Court and/or the probation officer; (3) Defendant shall not commit another federal, state, or local crime; (4) Defendant shall refrain from any unlawful use of a controlled substance; and (5) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

The Petition alleges that Defendant committed the following acts constituting the nature of noncompliance: (1) and (2) On May 13, 2016, Defendant was arrested by the Plano Police Department for outstanding arrest warrants issued by Waco Police Department. Said warrants were issued as the Defendant is alleged to have committed two offenses of Felony Theft of Property, one of which is enhanced, on December 1, 2015, in Waco, Texas. Defendant did not request permission from the probation officer to travel to Waco, Texas. On May 15, 2016, Defendant posted a $6,000 bond from Collin County Detention Center, McKinney, Texas; (3) On June 21, 2016, Defendant was arrested by Plano Police Department for committing the offense of Unauthorized Use of a Motor Vehicle. On June 23, 2016, Defendant posted a $7,500 bond from Collin County Detention Center, McKinney, Texas; (4) On March 22, 2016, Defendant submitted a urine specimen which tested positive for marijuana. Defendant admitted verbally and in writing to said use.

Prior to the Government putting on its case, Defendant entered a plea of true to allegations two (2), four (4) and five (5) in the Petition. Having considered the Petition and the plea of true to allegations two (2), four (4) and five (5), the Court finds that Defendant did violate his conditions of supervised release. The Government will dismiss allegations one (1) and three (3) against the Defendant.

Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in a Bureau of Prisons Fort Worth, Texas facility, if appropriate.

**Sep 8, 2016**

Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE